IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

In re Donald J. Trump, *in his official capacity as President of the United States,* et al.,

Petitioners.

No. 26-1336

**PETITIONERS' OPPOSITION TO MOTION TO HOLD PETITION IN ABEYANCE**

The federal government has filed a petition for a writ of mandamus, asking this Court to block a district court order that allows unbounded civil discovery from the Executive Office of the President in contravention of *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367 (2004). Plaintiff now asks this Court to hold the federal government's petition in abeyance, pending certain district-court proceedings. That motion relies on two premises, neither of which is sound.

*First*, the district court is not "actively adjudicating motions practice" that would impact this petition. Mot. 2. In the district court,

under the guise of "further proposed findings," plaintiff has drafted a written opinion that it wished the district court had entered. Mot. A13; *see* Mot. A16-24. That motion recounts legal arguments that plaintiff has already presented orally to the district court; that the federal government already responded to in its petition, *see, e.g.*, Pet. 21-31; and that plaintiff is free to present in its mandamus response.[1]

To the extent the district-court motion discusses the factual record, it only underscores the need for mandamus relief. Plaintiff makes no real attempt to show that it has exhausted its options for discovery from sources outside the Executive Office of the President, hinging its entire district-court argument on an unsupported "represent[ation]" that discovery from the agency defendants has not been fruitful. Mot. A17. Instead, as its district-court filings make clear, plaintiff simply prefers discovery from the Executive Office. *See* Mot. A18 (characterizing the Executive Office as a "key player" in the alleged scheme). That is far

[1] Plaintiff suggests that district-court reconsideration is a prerequisite for mandamus relief, *see* Mot. 1, but that argument cannot be correct. A district court always has authority to reconsider its interlocutory orders, Fed. R. Civ. P. 54(b), yet that does not prevent all writs of mandamus from issuing. This logic applies with special force when, as is true here, a district court suggests that reconsideration would not be a "worthwhile" use of defendants' time. Pet. A191.

short of what *Cheney* requires. *See* Pet. 16-19. Indeed, the fundamental lesson of *Cheney* is that, when plaintiffs seek civil discovery from the White House, the expedient completion of discovery is not the primary consideration. *Cheney* requires courts to recognize that imposing discovery burdens on the Executive Office of the President invariably raises profound separation-of-powers concerns, and that those concerns strongly counsel hesitation—including exhaustion of other avenues of discovery—before opening the doors of the White House to civil plaintiffs.

In sum, even if the district court were to adopt plaintiff's proposed "findings" without alteration, the resulting order would still justify mandamus relief. The same problems detailed in defendants' petition would persist. *See generally* Pet. 15-38. And requiring reconsideration would not be a "worthwhile use of [the federal government's] time," as the district court itself explained. Pet. A191.

*Second*, contrary to plaintiff's belated suggestion, it has steadfastly refused to "stipulate[] that it will not attempt to enforce *any* discovery obligations with respect to [the Executive Office of the President]." Mot. 2-3 (emphasis added). Although purporting to be open to such a stipulation, plaintiff even now insists that "discovery" must be

"completed promptly" after any further proceedings on the issues the government has presented to this Court. Mot. A27. And defendants' only insight into what plaintiff intended by "prompt[]" compliance, Mot. A27, is its demand for production "within a week," Pet. A362. Plaintiff has now backed off that particular "time frame" and suggests the Executive Office need not do "anything *in particular* to prepare" for discovery, Mot. A27 (emphasis added); *see also* Pet. A360 (similar), but it has never agreed to suspend *all* preparatory obligations.

Thus, it is clear that plaintiff expects the Executive Office to engage in at least some preparatory efforts while the mandamus petition is pending, but those are the very burdens that animate the federal government's mandamus petition. *Cheney* holds that the Executive Office of the President should not normally be forced to engage in even the preparatory efforts for discovery, at least where the plaintiff has not exhausted other avenues and when the plaintiff has not established that such discovery is necessary for the case. *See Cheney*, 542 U.S. at 388-90. Against this backdrop, plaintiff's suggestion that it will not "enforce any discovery obligations" against the Executive Office rings hollow. Mot. 2-3.

The government filed the mandamus petition and accompanying stay motion precisely because plaintiff's heavily caveated assurances were inadequate. To the extent plaintiff now agrees that the Executive Office of the President need not even engage in preparatory efforts, it makes little sense for it to oppose a stay pending mandamus—either in the district court or before this Court. So if the Court holds this petition in abeyance, it should also grant defendants' motion for a stay. The granting of that relief, unlike plaintiff's ambiguous and ever-changing representations, would make clear that the government will not later be punished for not engaging in preparatory efforts while these proceedings, and additional proceedings in the district court, unfold.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

MARK FREEMAN
DANIEL TENNY

/s/ J. Kain Day
J. KAIN DAY
*Attorneys, Appellate Staff*
*Civil Division, Room 7235*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 514-4214

Dated: August 31, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 765 words, excluding those portions exempted by Rule 32(f). It also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ J. Kain Day*
J. Kain Day

## CERTIFICATE OF SERVICE

I certify that on August 31, 2026, I filed and served the foregoing Response with the Clerk of the Court by causing a copy to be electronically filed via appellate CM/ECF. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ J. Kain Day*
J. Kain Day