No. 26-1336

**IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

In re Donald J. Trump, *in his official capacity as President of the United States,* et al.,

Petitioners.

On Petition for a Writ of Mandamus to the United States District Court for the District of Colorado

# RESPONSE TO MOTION FOR STAY

PHILIP J. WEISER
*Attorney General of Colorado*

David Moskowitz
*Deputy Solicitor General*
Talia Kraemer
Reed Morgan
*Assistant Solicitors General*
Sarah H. Weiss
*Senior Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000

The Court should deny the requested stay without prejudice for two reasons.

First, the Government previously filed a duplicative motion before the District Court, which remains pending. The Government failed to inform the District Court that it would seek relief from this Court if the District Court did not act by a particular date. The District Court reasonably did not rule immediately on the motion since there is no current need for immediate relief as Colorado had already stipulated that it will not attempt to enforce any discovery obligations with respect to Executive Office of the President ("EOP") until there is a final resolution. Colorado took no position as to that motion, leaving it to the sound discretion of the District Court in managing its docket to decide whether a formal stay was necessary or whether everyone's agreement that EOP has no obligation to comply until this issue is finally resolved, including this petition, was sufficient.[1] The Court should allow the District Court to decide this issue in the first instance.

[1] Colorado's concern has been only that once this issue is finally resolved, if it is in Colorado's favor, that there not be additional delays.

Second, in any event, the Government cannot meet the stay factors. *Nken v. Holder*, 556 U.S. 418, 426 (2009). The Government cannot demonstrate irreparable injury. As noted above, Colorado has stipulated that it will not attempt to enforce any discovery obligations with respect to EOP until there is a final resolution of the issue, including during the pendency of this petition. Addendum at 1; *see also* Dkt. 12, Reply in Support of Motion to Hold Petition in Abeyance at 3 (confirming that "Colorado agrees that EOP is not required to engage in any preparatory obligations").

While Colorado disputes that the Government is likely to succeed on the merits, these two reasons warrant denying the motion for stay without prejudice. Should future circumstances actually warrant the Government needing a stay, which is highly unlikely given Colorado's stipulation, the Government can seek relief at that time, but there is no need for relief now.

Respectfully submitted,

PHILIP J. WEISER
*Attorney General of Colorado*

/s/ David Moskowitz
David Moskowitz
*Deputy Solicitor General*
Talia Kraemer
Reed Morgan
*Assistant Solicitors General*
Sarah H. Weiss
*Senior Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 21(d)(1) because it contains 335 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 21(d) and 32(c) because it was prepared using Microsoft Word in Century Schoolbook 14-point font, a proportionally spaced typeface.

/s/ David Moskowitz
David Moskowitz

## CERTIFICATE OF SERVICE

I certify that, on September 1, 2026, I electronically filed this motion through this Court's CM/ECF system.

/s/ David Moskowitz
David Moskowitz

# ADDENDUM

**From:** David Moskowitz
**To:** Day, Kain (CIV); Sarah Weiss; Talia Kraemer; Reed Morgan
**Cc:** Tenny, Daniel (CIV)
**Subject:** RE: Colorado v. Trump, No. 1:25-cv-3428 (D. Colo.) -- Plaintiff''s Position on Stay Pending Mandamus
**Date:** Tuesday, August 25, 2026 1:53:00 PM

Kain,

We intend to oppose the stay motion and ask, at a minimum, that it be denied without prejudice to refiling. There is a duplicative pending motion in the district court. Defendants did not inform the district court that they intended to ask the Tenth Circuit for relief if the district court did not act by a particular date. There is also no current need for immediate relief and no current obligation for EOP to respond to discovery while the district court continues to evaluate the EOP discovery issue. The court invited all sides at the hearing to submit additional findings and briefing on this issue, and those are currently pending in front of the district court.

Further, there is no need for a stay because we have stipulated that we will not attempt to enforce any discovery obligations with respect to EOP until there is a final resolution of the issue. Once there is a final resolution, if it is in our favor, we will seek to have discovery completed promptly, as there have been far too many unnecessary delays in this case. But we are not insisting on any particular time frame, nor that Defendants must do anything in particular to prepare. Defendants' district court motion for stay focused on a 7-day production demand, but we are not seeking to enforce such time frame, so please ensure any of your filings are consistent with our position represented here.

Thanks,
David

---

**From:** Day, Kain (CIV) <J.Kain.Day@usdoj.gov>
**Sent:** Tuesday, August 25, 2026 12:51 PM
**To:** David Moskowitz <David.Moskowitz@coag.gov>; Sarah Weiss <Sarah.Weiss@coag.gov>; Talia Kraemer <Talia.Kraemer@coag.gov>; Reed Morgan <Reed.Morgan@coag.gov>
**Cc:** Tenny, Daniel (CIV) <Daniel.Tenny@usdoj.gov>
**Subject:** RE: Colorado v. Trump, No. 1:25-cv-3428 (D. Colo.) -- Plaintiff's Position on Stay Pending Mandamus

David,

Thanks so much for the update, and I appreciate that you need to confer with your client, which I understand can take time. If you are able to get us your client's position by 2 MT (4 ET), we'd be happy to include it in our motion. Otherwise, we will indicate that we have not yet received

your position.

Best,
Kain

---

**From:** David Moskowitz <David.Moskowitz@coag.gov>
**Sent:** Tuesday, August 25, 2026 2:36 PM
**To:** Day, Kain (CIV) <J.Kain.Day@usdoj.gov>; Sarah Weiss <Sarah.Weiss@coag.gov>; Talia Kraemer <Talia.Kraemer@coag.gov>; Reed Morgan <Reed.Morgan@coag.gov>
**Cc:** Tenny, Daniel (CIV) <Daniel.Tenny@usdoj.gov>
**Subject:** [EXTERNAL] RE: Colorado v. Trump, No. 1:25-cv-3428 (D. Colo.) -- Plaintiff's Position on Stay Pending Mandamus

Thanks for the clarification. I need to confer with my client before responding with a position. I will get back to you as soon as possible, but there is no way we can provide a position by 12:30 MT. As you may not be aware, we have already represented to your colleagues that we will not attempt to enforce any discovery obligations with respect to EOP, and there is a parallel pending motion for a stay in the district court. There is no current emergency here. We will work to get you a response as soon as possible.

---

**From:** Day, Kain (CIV) <J.Kain.Day@usdoj.gov>
**Sent:** Tuesday, August 25, 2026 12:08 PM
**To:** David Moskowitz <David.Moskowitz@coag.gov>; Sarah Weiss <Sarah.Weiss@coag.gov>; Talia Kraemer <Talia.Kraemer@coag.gov>; Reed Morgan <Reed.Morgan@coag.gov>
**Cc:** Tenny, Daniel (CIV) <Daniel.Tenny@usdoj.gov>
**Subject:** RE: Colorado v. Trump, No. 1:25-cv-3428 (D. Colo.) -- Plaintiff's Position on Stay Pending Mandamus

You don't often get email from j.kain.day@usdoj.gov. Learn why this is important

David,

Happy to clarify. The motion will ask:

> (1) the Tenth Circuit to stay the Executive Office of the President's obligation to comply with any discovery obligations until resolution of the federal government's petition for a writ of mandamus, and
>
> (2) if the Tenth Circuit denies the mandamus petition, the government also asks it to stay discovery from the Executive Office for at least 14 days thereafter to permit the Solicitor General an opportunity to seek relief from the Supreme Court.

Please provide plaintiff's position as soon as you can and no later than **1230 MT** (230 ET).

Best,
Kain

---

**From:** David Moskowitz <David.Moskowitz@coag.gov>
**Sent:** Tuesday, August 25, 2026 1:56 PM
**To:** Day, Kain (CIV) <J.Kain.Day@usdoj.gov>; Sarah Weiss <Sarah.Weiss@coag.gov>; Talia Kraemer <Talia.Kraemer@coag.gov>; Reed Morgan <Reed.Morgan@coag.gov>
**Cc:** Tenny, Daniel (CIV) <Daniel.Tenny@usdoj.gov>
**Subject:** [EXTERNAL] RE: Colorado v. Trump, No. 1:25-cv-3428 (D. Colo.) -- Plaintiff's Position on Stay Pending Mandamus

Counsel,

Can you please clarify the specific relief that you seek? Are you seeking only to stay discovery obligations with respect to EOP? Or are you seeking some other relief?

Thanks,
David

---

**From:** Day, Kain (CIV) <J.Kain.Day@usdoj.gov>
**Sent:** Tuesday, August 25, 2026 8:22 AM
**To:** David Moskowitz <David.Moskowitz@coag.gov>; Sarah Weiss <Sarah.Weiss@coag.gov>; Talia Kraemer <Talia.Kraemer@coag.gov>; Reed Morgan <Reed.Morgan@coag.gov>
**Cc:** Tenny, Daniel (CIV) <Daniel.Tenny@usdoj.gov>
**Subject:** Colorado v. Trump, No. 1:25-cv-3428 (D. Colo.) -- Plaintiff's Position on Stay Pending Mandamus

> Some people who received this message don't often get email from j.kain.day@usdoj.gov. Learn why this is important

Counsel,

In connection with the federal government's forthcoming mandamus petition, we intend to seek a stay pending mandamus from the Tenth Circuit. Please let me know whether Colorado will oppose that motion no later than **noon MT** (2 pm ET).

Best,
Kain

J. Kain Day
Civil Division, Appellate Staff
U.S. Department of Justice
(202) 514-4214

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.