IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

In re Donald J. Trump, *in his official capacity as President of the United States,* et al.,

Petitioners.

No. 26-1336

**PETITIONERS' REPLY IN SUPPORT OF MOTION FOR A STAY PENDING MANDAMUS**

The federal government has filed a petition for a writ of mandamus, asking this Court to block a district court order that allows unbounded civil discovery from the Executive Office of the President in contravention of *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367 (2004). At the same time, the federal government sought a stay pending mandamus. As the stay motion explained, the Executive Office would suffer irreparable harm if forced to engage in discovery while this petition remains pending. Mot. 3.

Now, plaintiff opposes a stay. But plaintiff advances no argument that the Executive Office should, in fact, be required to engage in

discovery while this petition remains pending. Instead, plaintiff claims to have already "stipulated" that it will not enforce "any discovery obligations" for the Executive Office, including "any preparatory obligations." Resp. 2 (quoting Dkt. No. 12). Plaintiff thus does not contend that it would be harmed by a stay, but rather that a stay is unnecessary.

But plaintiff's representation does not eliminate the imminent threat of irreparable harm. In the same breath, plaintiff expresses a desire to hold the federal government accountable for any delay caused by this petition. *See* Resp. 1 ("Colorado's concern has been only that once this issue is finally resolved, if it is in Colorado's favor, that there not be additional delays."). Indeed, plaintiff has insisted that "discovery" be "completed promptly" after the issues raised in this petition have been resolved, Resp. Add. at 1, and the federal government's only insight into what plaintiff intended by prompt compliance is its demand for production "within a week," Pet. A362. Plaintiff has now backed off that particular "time frame," Resp. Add. at 1, and agreed that the Executive Office need not engage in "preparatory efforts" for discovery, Resp. 2, but it continues to leave open the possibility of forcing discovery compliance

on an abbreviated timeline following resolution of this petition.

The federal government filed its stay motion precisely because plaintiff's ever-shifting assurances have been heavily caveated. And plaintiff's position on appeal is no different. Thus, the Court should grant defendants' motion for a stay—which, as noted, plaintiffs have not suggested would cause any harm to them. The granting of that relief would make clear that the federal government will not later be punished for not engaging in preparatory efforts while these proceedings, and additional proceedings in the district court, unfold. It is unclear whether plaintiff's opposition arises because they do not intend to follow through on their assurances that no stay is necessary or for some other reason, but in any event, plaintiff provides no basis for denying the government the certainty of a stay order from this Court.

For similar reasons, the federal government's district-court stay motion offers no basis for delay. The Executive Office faces imminent irreparable harm, and the district court has not acted swiftly to prevent that harm pending mandamus relief. In such circumstances, it is common for courts of appeals to grant a stay notwithstanding a pending district-court motion.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

MARK FREEMAN
DANIEL TENNY

*/s/ J. Kain Day*
J. KAIN DAY
*Attorneys, Appellate Staff*
*Civil Division, Room 7235*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 514-4214

Dated: September 3, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 506 words, excluding those portions exempted by Rule 32(f). It also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ J. Kain Day*
J. Kain Day

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2026, I filed and served the foregoing Response with the Clerk of the Court by causing a copy to be electronically filed via appellate CM/ECF. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ J. Kain Day*
J. Kain Day